**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEDRO RAYMUNDO-MENDOZA, | No.   16-73161 |
| Petitioner, | Agency No. A205-491-053 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2018[**]

Before:     SILVERMAN, BEA, and WATFORD, Circuit Judges.

Pedro Raymundo-Mendoza, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his request for administrative

closure, and his applications for asylum, withholding of removal, protection under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT"), and cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review de novo claims of due process violations in immigration proceedings, *Simeonov*, 371 F.3d at 535, and review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Raymundo-Mendoza's motion for administrative closure. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 891, 893 (9th Cir. 2018).

The record does not compel the conclusion that Raymundo-Mendoza established extraordinary or changed circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4)-(5). Thus, we deny the petition as to Raymundo-Mendoza's asylum claim.

Substantial evidence supports the agency's conclusion that that Raymundo-Mendoza did not establish past persecution. *See Gu v. Gonzales*, 454 F.3d 1014,

2                                                                                        16-73161

1019-21 (9th Cir. 2006) (evidence did not compel the conclusion that petitioner suffered past persecution). We reject Raymundo-Mendoza's contention that the BIA erred in the assessment of his past persecution claim. Further, the agency did not err in finding that Raymundo-Mendoza failed to establish membership in a cognizable social group. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228-29 (9th Cir. 2016) (concluding that "imputed wealthy Americans" does not constitute a particular social group); *Delgado-Oritz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (concluding that "returning Mexicans from the United States" does not constitute a particular social group). We lack jurisdiction to consider Raymundo-Mendoza's social group argument based on family that he did not raise to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below). Thus, we deny the petition as to Raymundo-Mendoza's withholding of removal claim.

Substantial evidence supports the agency's denial of Raymundo-Mendoza's CAT claim because he failed to establish it is more likely than not that he would be tortured by the government of Mexico, or with its consent or acquiescence. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject Raymundo-Mendoza contentions that the IJ violated his due

3                                                          16-73161

process rights by applying the wrong legal standard. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

Finally, we lack jurisdiction to consider Raymundo-Mendoza's contentions as to the agency's discretionary determination of his cancellation of removal claim. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Arteaga-De Alvarez v. Holder*, 704 F.3d 730, 735-36 (9th Cir. 2012) (court lacks jurisdiction to review merits of hardship determination and only retains jurisdiction over constitutional claims that have "some possible validity") (citation omitted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**